## BRAUNE v. HENRICHS.

(Supreme Court, Appellate Term, First Department. February 4, 1915.)

BROKERS (§ 61*)—COMMISSIONS—WHEN EARNED.

A broker employed to procure a purchaser, who procures a purchaser, who contracts in writing with the owner for the purchase, has earned his commissions, though the purchaser refuses to complete the contract because of an outstanding mortgage which the owner refuses to satisfy; the broker not being guilty of any fraud nor responsible for the failure of the owner to satisfy the mortgage.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 77, 78, 92, 93; Dec. Dig. § 61.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Paul Braune against Joseph Henrichs. From a judgment of dismissal at the close of plaintiff's case, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

David Kornblueh, of New York City, for appellant.
John S. Bennett, of Brooklyn, for respondent.

GAVEGAN, J. Plaintiff was employed by defendant to procure a purchaser for his saloon and restaurant. As a result of his efforts, defendant entered into a written contract of sale with a purchaser introduced by plaintiff. Upon the signing of the contract of sale, the purchaser delivered to defendant two checks for $100 each, and requested defendant to hold them for a few days, which defendant agreed to do. Subsequently the purchaser learned that an outstanding chattel mortgage had not been satisfied, and he then refused to complete the purchase. The checks referred to were deposited by defendant and returned and marked "Not sufficient funds." Defendant thereupon elected to rescind the contract.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Since no fraud was claimed, and the plaintiff was not responsible for the owner's failure to satisfy the chattel mortgage, I am of the opinion that the agreement of sale was binding and enforceable. The plaintiff's right to commissions cannot be defeated by the subsequent acts of the parties. Kutyn v. Sandrovitz (Sup.) 133 N. Y. Supp. 359.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.